# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 23, 2019

| | |
|---|---|
| * * * * * * * * * * * * * | |
| SAURABH AGARWAL *and* MUKTA * | |
| AGARWAL, *Parents of* R.A., *a minor*, * | UNPUBLISHED |
| * | |
| Petitioners, * | No. 16-191V |
| * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, * | Interim Award; Reduction for |
| * | Administrative Tasks. |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioners.
Camille C. Collett, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 10, 2019, Saurabh Agarwal and Mukta Agarwal ("petitioners"), as parents of R.A., a minor, filed a motion (or "application") for interim attorneys' fees and costs. Petitioners' Interim Fee Application ("Pet. Int. App.") (ECF No. 103). For the reasons discussed below, the undersigned hereby **GRANTS** petitioners' motion and awards $172,050.19 in reasonable interim attorneys' fees and costs and $158.62 in interim petitioners' costs.

### I.   Procedural History

On August 5, 2013, petitioners' minor child R.A. received tetanus-diphtheria-acellular pertussis("Tdap") and meningococcal ("Menactra") vaccinations. On February 8, 2016, petitioners timely filed a claim alleging that these vaccines caused R.A. to develop intractable epilepsy secondary to autoimmune encephalitis. Petition (ECF No. 1). In support of their claim, petitioners filed affidavits, medical records, and two medical expert reports from Dr. AHM

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

Mahbubul Huq.  Petitioners' Exhibits ("Pet. Exs.") 1-42.  Respondent filed a report pursuant to Vaccine Rule 4(c) recommending against compensation as well as three medical expert reports from Dr. Michael Kruer.  Respondent's ("Resp.") Exs. A, C, and D.

I encouraged the parties to pursue informal resolution of the case, which did not occur.  Accordingly, an entitlement hearing was held in Chicago, Illinois on November 14 and 15, 2018.  *See* Hearing Transcript (ECF Nos. 89-90).

I then ordered respondent to file Dr. Kruer's updated curriculum vitae, certain articles, and MRI images introduced during the hearing.  Scheduling Order filed November 16, 2018 (ECF No. 87).  Respondent filed the curriculum vitae and the articles on December 13, 2018.  Resp. Exs. D1-3, E.  Respondent filed the MRI images on March 6, 2019.  Resp. Trial Ex. 1.

I then allowed petitioners and Dr. Huq the opportunity to file a supplemental expert report addressing the same.  *See* Scheduling Order filed November 16, 2018; Scheduling Order (Non-PDF) filed on March 8, 2019.  Petitioners filed Dr. Huq's report on April 5, 2019.  Pet. Ex. 45.  I then set deadlines for post-hearing briefing.  Petitioners' post-hearing brief is due by June 4, 2019.

On April 10, 2019, petitioners filed the instant motion for interim attorneys' fees and costs.  Pet. Int. App. (ECF No. 103).[2]  They request $115,364.70 in attorneys' fees and $58,764.29 in attorneys' costs, for a total *attorneys*' request of $174,128.99.  *Id.* at 1-2.  Additionally, petitioners themselves request reimbursement for interim costs of $158.62.  Petitioners specify that they have never paid a retainer to their counsel of record.  *Id.* at 2; *see also* Pet. General Order No. 9 Statement filed on April 10, 2019 (ECF No. 104).

Also on April 10, 2019, respondent filed a response.  Resp. Response (ECF No. 105).  Respondent "leaves it to the Special Master's discretion to determine whether the statutory requirements for an award of attorneys' fees and costs are met" and if those requirements *are* met, to determine what award of attorneys' fees and costs would be reasonable.  Resp. Response at 2.  Petitioners have not filed a reply.  Thus, this matter is now ripe for review.

## II.   Entitlement to Attorneys' Fees and Costs

### A.  General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d

---

[2] This filing includes certain several tabbed sections.  However, Tab A does not have internal page numbers.  Thus, for ease of reference, this opinion cites to the PDF's page numbers (1-120, appearing on the top of each page).

1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs.  In addition, the Vaccine Act permits interim attorneys' fees and costs.  *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).  I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

I find an award of interim attorneys' fees and costs to be appropriate for this claim and at this juncture.  The claim has been pending in the Vaccine Program for almost three years and in fact, petitioners' counsel has been retained for over four years.  *See* Pet. Mot. at 5.  Counsel has provided supporting documentation of both fees and costs that are well over the threshold amounts I require for an interim award.  Additionally, this claim probably will not be resolved for some time.  Post-hearing briefing will not be completed for several months.  Afterwards, an opinion on entitlement will take additional time.  If petitioners are found entitled to compensation, the resolution of damages will also necessitate further time and resources by counsel.  For these reasons, I find it appropriate to award interim attorneys' fees and costs at this time.

### III. Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs.  The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. In fact, the decision concerned Conway Homer, P.C., the law firm at issue here. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioners' fee application includes billing records dating from January 7, 2015 to April 9, 2019. These records reflect that the work to date was divided between several attorneys – primarily Meredith Daniels supervised by Ronald Homer, with assistance from Christina Ciampolillo, Joseph Pepper, and Lauren Faga. Several paralegals also worked on the claim. Pet. Int. App. at 5-47, 50. The rates requested are generally consistent with *McCulloch*, the fee schedules adjusting those rates for inflation, and past decisions by myself and other special masters. *See, e.g.*, *Berrett v. Sec'y of Health & Human Servs.*, No. 16-011V (Fed. Cl. Spec. Mstr. March 1, 2019); *Babb v. Sec'y of Health & Human Servs.*, No. 15-195V (Fed. Cl. Spec. Mstr. Feb. 28, 2019); *Garvin v. Sec'y of Health & Human Servs.*, No. 17-101V (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Based on my experience and knowledge of the work performed in this case, I find no cause to adjust the requested rates.

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on April 23, 2019).

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

In this case, petitioners have also provided one chronological list of the entries from all individuals above, which is helpful while evaluating whether the total hours expended are reasonable. Pet. Int. App., 5-47. The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended. Based on my experience and my familiarity with the work performed in this case, the attorneys' fees requested are generally reasonable.

However, it appears that a number of entries by paralegals are for tasks considered to be clerical or administrative in nature. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18. Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2012 WL 7209698 at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Specifically in this case, for every (or almost every) medical record exhibit, there is an entry for "review, organize and prep… summarization and electronic filing." Every such medical record exhibit has *separate* entries for the actual summarization and filing. The entries for "review, organize, and prep" appear to be either administrative or too vague to be evaluated. There are also paralegal entries for mailing materials to the Court, respondent, and petitioners and for making travel arrangements. These entries amount to a total of 15.2 hours. Pet. Int. App at 10, 12, 14-18, 20, 25, 30, 39-42. They will not be awarded. **This results in a reduction of $2,078.80.**

### D. Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. 29, 34. Petitioners' counsel request $58,764.29 for interim including, *inter alia*, the costs associated with the filing fee, medical records, shipping and postage; medical literature cited by the experts; the hearing transcript; and travel for the entitlement hearing and limited in-person meetings with petitioners. Pet. Int. App. at 47-115.

The most significant cost is for Dr. Huq's work to prepare two reports and provide expert testimony at the entitlement hearing. He requests a regular hourly rate of $500.00 for 94.25 hours of active work on the case, and a discounted rate of $250 for 10.0 hours of travel associated with the hearing. Thus, his total invoice comes to $49,625.00. Pet. Int. App. at 113-

15. I agree that Dr. Huq's bill is reasonable in light of his multiple board certifications and the strength of his opinion in the case before me. *See also Robinson v. Sec'y of Health & Human Servs.*, No. 14-915V, 2018 WL 3987062 (Fed. Cl. Spec. Mstr. July 17, 2018); *Libby v. Sec'y of Health & Human Servs.*, No. 09-820V, 2016 WL 7670919 (Fed. Cl. Spec. Mstr. Dec. 14, 2016). *But see Anderson v. Sec'y of Health & Human Servs.*, No. 02-1314V, 2017 WL 2927044 (Fed. Cl. Spec. Mstr. May 24, 2017) (declining to award more than $400 per hour for this expert). Thus, these fees will be awarded.

Petitioners themselves request reimbursement of $158.62, representing costs for mailing materials to counsel as well as mileage and parking their car to attend the entitlement hearing. These costs are adequately documented and reasonable in my view. Pet. Int. App., Tab C; *see also* Pet. General Order No. 9 Statement. Thus, they will be awarded.

## IV. Conclusion

In accordance with the foregoing, petitioners' motion for *interim* attorneys' fees and costs is **GRANTED**. I find that they are entitled to the following reasonable attorneys' fees and costs at this time:

| | |
|---|---|
| Interim Attorneys' Fees Requested: | $115,364.70 |
| *Reduction for administrative tasks:* | - $ 2,078.80 |
| **Interim Attorneys' Fees Awarded:** | **$113,285.90** |
| **Interim Attorneys' Costs Awarded:** | **$58,764.29** |
| **Interim Attorneys' Fees and Costs Awarded:** | **$172,050.19** |

Accordingly, I award the following:

1) **A lump sum in the amount of $172,050.19, representing reimbursement for** *interim* **attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Ronald C. Homer of Conway Homer, P.C.**

2) **A lump sum in the amount of $158.62, representing reimbursement for** *interim* **petitioners' costs, in the form of a check payable solely to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).