# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 1, 2022

| | |
|---|---|
| * * * * * * * * * * * * * | |
| SAURABH AGARWAL *and* * | |
| MUKTA AGARWAL, *as guardians of the* * | UNPUBLISHED |
| *estate of* RADHIKA AGARWAL, * | |
|  * | |
| Petitioners, * | No. 16-191V |
|  * | |
| v. * | Special Master Gowen |
|  * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | Attorneys' Fees and Costs; |
|  * | Guardianship Costs. |
| Respondent. * | |
| * * * * * * * * * * * * | |

*Ronald Craig Homer,* Conway, Homer, P.C., for petitioner.
*Traci R. Patton,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 22, 2022, Saurabh Agarwal and Mukta Agarwal ("Petitioners"), as guardians of the estate of Radhika Agarwal ("R.A.") filed an amended motion for attorneys' fees and costs. Petitioner's Amended Motion for Attorneys' Fees ("Fees App.") (ECF No. 155). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$235,740.87.**

### I.    Procedural History

On February 8, 2016, Petitioners filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of receiving tetanus-diphtheria-

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

acellular pertussis ("Tdap") and meningococcal ("Menactra") vaccines on August 5, 2013, R.A. developed autoimmune limbic encephalitis ("ALE") with the associated biomarker of GAD antibodies, and the residual effects of cognitive deficits and intractable epilepsy. Petition at Preamble (ECF No. 1). On August 31, 2020, I published a Ruling on Entitlement concluding that petitioners have established the injuries alleged and causation-in-fact. Ruling on Entitlement (ECF No. 117). On July 15, 2021, the parties agreed on compensation in the form of a proffer. Proffer (ECF No. 143). The same day I issued a Decision on Damages reflecting the proffer. Decision on Damages (ECF No. 144).

On January 13, 2022, petitioner filed a motion for attorneys' fees and costs. (ECF No. 150). Respondent responded to the fees motion on January 14, 2022. (ECF No. 152). Due to the complexity of the motion I convened a status conference on February 4, 2022. (ECF No. 153). Following the status conference I issued a scheduling order ordering petitioners to submit an amended motion for attorneys' fees and costs reflecting the amounts necessary for the creation and continued administration of the guardianship over time. February 8, 2022, NON PDF Scheduling Order (ECF No. 154).

On March 9, 2022, petitioner filed an amended motion for attorneys' fees and costs. Fees App. at 1. Petitioners requests reimbursement of final attorneys' fees of $61,060.50, supplemental attorneys' fees of $4,839.60, totaling $65,900.10 in final and supplemental attorneys' fees. Fees App. at 2. Petitioners also request final attorneys' costs of $17,674.51, supplemental attorneys' costs of $93.75, totaling $17,768.26 in final and supplemental attorney's costs. *Id*. Additionally, petitioners request $157,862.51 in costs associated with the guardianship of R.A.'s estate. *Id*. This includes fees and costs for the establishment of the guardianship, the future costs associated with guardianship, the transfer of Special needs Trust ("SNT") from Third Party to First Party Trust, and the costs of a Guardian Ad Litem. *Id*. at 3, Tab E. The total amount requested for attorneys' fees and costs by petitioners is $241,530.87. *Id*. Respondent reacted to the fees motion on May 12, 2022, indicating that "respondent defers to the discretion of the Special Master to determine the reasonableness of petitioners' Amended Fee Application, but objects to any award of fees for time that may have been spent by petitioners' guardianship attorney regarding the establishment of or maintenance of a special needs trust." Response at 1-2 (ECF No. 157).

The matter is now ripe for adjudication

## II.     Applicable Legal Standards

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs. Additionally, petitioners were awarded interim fees on April 23, 2019, with only a small reduction of Attorneys' Fees for administrative tasks. *See Agarwal v. Sec'y of Health & Hum. Servs.*, No. 16-191V, 2019 WL 2281744, at *4 (Fed. Cl. Apr. 23, 2019)

Under the Vaccine Act, an attorney's "reasonable" hourly rate is the "prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of

2

reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1347-48 (internal quotations omitted). In determining attorneys' fees, a court should generally use the forum rate, i.e., the rate applicable to the forum in which the court sits – in this instance, the District of Columbia – unless the attorney performed the bulk of his or her work outside the forum and there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. *Id*. at 1348-49 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The Federal Circuit has determined that the forum rate is effectively a ceiling. *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." *Id*. at 1552. The special master may reduce a request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner himself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

### III. Attorneys' Fees and Costs

#### a. Attorneys' Fees

Petitioner requests a total of $65,900.10 in attorneys' fees, comprised of final attorneys' fees of $61,060.50, and $4,839.60 in supplemental attorneys' fees in various rates of compensation for the attorneys who worked on their case, predominantly Ms. Meredith Daniels, but also Mr. Ronald C. Homer, Ms. Christina M. Ciampolillo, Mr. Joseph M. Pepper, Ms. Lauren E. Faga, Mr. Nathanial Enos, as well as paralegals. Fees App. at 4-33. The attorneys have requested reimbursement for their services from 2016 to 2022 at the following rates below:

|                     | 2019  | 2020  | 2021  | 2022  |
|---------------------|-------|-------|-------|-------|
| **Meredith Daniels**| $320  | $350  | $350  | $350  |
| **Ronald C. Homer** | $430  | $447  | $447  | $447  |

3

| | | | | |
|---|---|---|---|---|
| **Christina M. Ciampolillo** | $350 | $380 | $380 | $380 |
| **Joseph M. Pepper** | $325 | $355 | $355 | n/a |
| **Lauren E. Faga** | n/a | n/a | $330 | n/a |
| **Nathanial Enos** | n/a | $230 | n/a | n/a |
| **Paralegals** | $145 | $155 | $155 | $155 |

I have reviewed the requested rates and find them to be in conformance with what Conway Homer, P.C. attorneys and staff have previously been awarded for their work by myself and other special masters. *See, e.g., Keener v. Sec'y of Health & Human Servs*, No. 16-791V, 2021 U.S. Claims LEXIS 833 (Fed. Cl. Spec. Mstr. Apr. 14, 2021); *Ginn v. Sec'y of Health & Hum. Servs.*, No. 16-1466V, 2020 U.S. Claims LEXIS 2679, 2020 WL 7774606 (Fed. Cl. Spec. Mstr. Dec. 4, 2020).

I have also reviewed the time records submitted by counsel and find them to be sufficiently detailed and consistent with my knowledge of the work performed in this case. Accordingly, the attorneys' fees will be granted in full.

    b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests final attorneys' costs in the amount of $17,674.51, and $93.75 in supplemental attorneys' costs, for a total of $17,768.26. Fees App. at 2. This amount is comprised of acquiring medical records, postage, copying, and in large part for the work performed by Maureen P. Clancy for life care planning services. Ms. Clancy charged $150 per hour for her services for a total of 108- hours, coming to a total of $16,200.00. I have previously found the rate of $150 per hour for life care planning services to be reasonable. *See Jones v. Sec'y of Health & Human Servs.*, No. 11-70V, 2014 U.S. Claims LEXIS 1486, 2014 WL 7508006, at *13 (Fed. Cl. Spec. Mstr. Dec. 4, 2014). Accordingly, I find it appropriate to award the total requested attorneys' costs of $17,768.26

**IV.**    **Petitioners' Costs**

Petitioner also requests $157,862.51 in the form of a lump sum for costs associated with establishing the guardianship, transfer of the special needs trust, the Guardian ad Litem, and the future costs to maintain the guardianship. The costs are listed below:

| | |
|---|---|
| Establishment of Guardianship | $6,583.50 |
| Transfer of the Special Needs Trust | $5,790.00 |
| Guardian ad Litem | $1,950.00 |
| Future Costs to Maintain the Guardianship | $143,539.01 |
| **Total** | **$157,862.51** |

Respondent generally deferred to the discretion of the Special Master to determine the reasonableness of petitioners' Amended Fee Application, but objected to "any award of fees for

4

time that may have been spent by petitioners' guardianship attorney regarding the establishment of or maintenance of a special needs trust, if applicable." Resp. Response at 1-2.

In the second *McCulloch* fees opinion I awarded petitioner's attorneys' fees request, which included funds for the preparation of an annual guardianship plan, the annual accounting of the estate, an annual audit fee, and the annual bond premium. *See McCulloch v. Secretary of Health & Human Servs.*, No. 09-293V, 2017 WL 7053992, at **1–2 (Fed. Cl. Spec. Mstr. Dec. 19, 2017). Respondent sought review and reversal of the award of costs petitioner's would incur in the court of maintaining the guardianship through petitioner's life. Judge Lettow of the Court of U.S. Court of Federal Claims, held that amounts required to maintain guardianship were compensable under the Vaccine Act, and the Government appealed. *See McCulloch v. Sec'y of Health & Hum. Servs.*, 137 Fed. Cl. 598, 599 (2018), aff'd on other grounds, 923 F.3d 998 (Fed. Cir. 2019). On appeal from the United States Court of Federal Claims, the United States Court of Appeals of the Federal Circuit, affirmed my order and found that the expenses of the creation and maintenance of a guardianship are incurred upon the establishment of the guardianship as the guardian becomes liable for the costs of compliance with court requirements for the maintenance of the guardianship through the life of the guardianship and therefore come within § 300aa–15(e)(1) and are therefore an allowable expense. *See McCulloch v. Sec'y of Health & Hum. Servs.,* 923 F.3d 998 (Fed. Cir. 2019).

I reviewed the projected expenses to comply with the requirements of the state court and found them reasonable. The expenses establishing the guardianship, the Guardian ad Litem, and the future costs to maintain the guardianship are therefore compensable under *McCulloch*, and do not warrant a reduction. The billing for the Special Needs Trust was non-specific and shall be denied. Therefore, the total cost for petitioner's costs is reduced by $5,790.00, totaling $152,072.51.

### V. Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Final Attorneys' Fees Requested: | $61,060.50 |
| **Final Attorneys' Fees Awarded:** | **$61,060.50** |
| | |
| Supplemental Attorneys' Fees Requested: | $4,839.60 |
| **Supplemental Attorneys' Fees Awarded:** | **$4,839.60** |
| | |
| Final Attorneys' Costs Requested: | $17,674.51 |
| **Final Attorneys' Costs Awarded:** | **$17,674.51** |
| | |
| Supplemental Attorneys' Costs Requested: | $93.75 |
| **Supplemental Attorneys' Costs Awarded:** | **$93.75** |
| | |
| Amended Petitioners' Costs Requested: | $157,862.51 |
| Reduction of Petitioners' Costs: | -$5,790.00 |

|  |  |
|---|---|
| **Amended Petitioners' Costs Awarded:** | **$152,072.51** |
| Total Attorneys' Fees and Costs Requested: | $241,520.87 |
| **Total Attorneys' Fees and Costs Awarded:** | **$235,740.87** |

Accordingly, I award the following:

1) **A lump sum in the amount of $83,668.36, representing reimbursement for final and supplemental attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel, Ronald C. Homer of Conway Homer P.C.**

2) **A lump sum in the amount of $152,072.51, representing reimbursement for petitioner's costs, in the form of a check payable solely to petitioners.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).